UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| SCOTT L. HAVSY, | ) |
| *Plaintiff*, | ) ) ) |
| | ) Case No. 3:23-CV-463 |
| v. | ) ) Judge Curtis L. Collier |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) Magistrate Judge Debra C. Poplin ) ) |
| *Defendant*. | ) ) |

## MEMORANDUM & ORDER

Plaintiff, Scott L. Havsy, has filed a motion to compel this matter to arbitration. (Doc. 29.) Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), has not responded to the motion in the time required by Local Rule 7.1. Also before the Court is a motion by Defendant to extend the deadlines in this case if the Court denies the motion to arbitrate. (Doc. 42.) The matter is now ripe for review.

**I.     BACKGROUND**

On October 28, 2022, in Johnson City, Tennessee, Plaintiff was injured in a car wreck that was caused by Reina M. Simonetti, who was acting negligently.[1] (Doc. 41 [Amd. Compl.] ¶¶ 3.2–3.3.) At the time of the wreck, Simonetti had liability coverage through the United Services Automobile Association ("USAA") with liability limits of $30,000. (*Id.* ¶ 3.4; Doc. 41-1 at 2.) Plaintiff had automobile coverage, including uninsured and underinsured motorist benefits, through Defendant State Farm. (Doc. 29-1 [Pl.'s Decl.] at 1–2, ¶ 3.)

---

[1] The parties do not dispute liability and agree that Simonetti was the sole cause of the crash. (Doc. 41 ¶ 3.6; Doc. 19 ¶ 3.6.)

On April 3, 2023, State Farm gave express written consent to let Plaintiff settle his bodily injury claim against Simonetti and USAA for the policy limits of $30,000. (*Id*. at 6.) In giving its consent, State Farm also agreed to waive its "Medical Payments and Uninsured/Underinsured Motorist subrogation rights." (*Id*.) Provided that State Farm agreed to waive its subrogation rights against the parties being released, USAA gave written confirmation that its insured would "cooperate in connection with the arbitration of the uninsured/underinsured motorist claim." (*Id*. at 7.) Plaintiff shared this information with the State Farm adjuster handing his claim, Jayme Gallagher. (*Id*. at 2, ¶ 6.)

On April 17, 2023, Gallagher confirmed in writing over email that State Farm agreed to arbitrate Plaintiff's uninsured and underinsured motorist claim if necessary. (*Id*. at 9.) Upon this confirmation, Plaintiff executed the settlement and release of all claims with Simonetti and USAA on April 19, 2023. (*Id*. at 10–11.) Subsequently, Plaintiff sought additional compensation from State Farm for his injuries in excess of Simonetti's liability coverage. (Doc. 41 ¶ 3.10.) Specifically, Plaintiff sought benefits under his State Farm uninsured and underinsured motorist coverage based on his "past medical expenses of $20,581,66 (as of June 2023) and likely future medical expenses including a surgical repair to the damaged fusion at the L4-L5 level and a surgical fusion at L5-S1 level damaged in the car collision." (Doc. 29-1 at 2, ¶ 8.) On July 14, 2023, State Farm offered Plaintiff $1,000 to settle the claim. (*Id*. at 12.)

Plaintiff sent State Farm a competing settlement proposal on September 23, 2023. (*See* Doc. 41-1 at 10.) Based on State Farm's earlier written consent to resolve the dispute by arbitration, Plaintiff "sought to develop arbitration procedures and a mutual[ly] agreeable schedule" with State Farm. (Doc. 41 ¶ 3.11.) On October 23, 2023, Plaintiff's counsel sent a follow-up email to State Farm's counsel inquiring about the settlement proposal and attaching

updated medical records. (*See* Doc. 41-1 at 10.) After receiving no response, Plaintiff filed this lawsuit on December 27, 2023. (Doc. 1.) On January 5, 2024, Plaintiff's counsel wrote to State Farm's counsel again in an attempt to initiate arbitration. (Doc. 41-1 at 11.)

On February 5, 2024, after a phone call between the parties, State Farm's counsel confirmed in writing that the parties "have agreed to resolve the issues at hand in the context of arbitration." (*Id*. at 12.) State Farm's counsel's email to Plaintiff's counsel reads, "You and I agreed that you would select an individual, that I would select an individual, and that those two individuals would agree upon an arbitrator to address the issues at hand." (*Id*.)

Plaintiff now moves to compel arbitration against State Farm. (Doc. 29.) Plaintiff contends, "[n]early 19 months have passed since State Farm agreed to arbitration, and yet, arbitration has not been scheduled. . . . Even after this cause of action was filed, and upon representation of State Farm that arbitration could be scheduled by agreement, State Farm continues to refuse to cooperate in the scheduling of same." (*Id*. ¶ 9–10.) State Farm has not responded to the motion.

## II.     STANDARD OF REVIEW

The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq*., provides as follows regarding staying proceedings that are referable to arbitration:

> the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. When a party is aggrieved by another party's failure to arbitrate in accordance with a written agreement to do so, that party "may petition a federal court for an order directing that such arbitration proceed in the manner provided for" by the contract. *Rent-A-Center, W., Inc. v.*

3

*Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 4). The FAA "manifests a liberal policy favoring arbitration agreements." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 24, 103 (1983)).

A district court's first task is to "determine whether the parties have agreed to arbitrate the dispute at issue." *Great Earth Cos., Inc. v. Simmons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). This is a matter of consent, and the court resolves any doubts about the parties' intentions in favor of arbitration. *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006).

A party opposing arbitration has the burden to show a genuine issue of material fact as to whether the agreement to arbitrate is valid. *Green Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 91 (2000). The necessary showing is similar to what is required to defeat a motion for summary judgment. *Great Earth*, 288 F.3d at 889. If the party seeking to compel arbitration establishes the existence of a valid agreement to arbitrate and there is no genuine dispute, the court must grant the motion to compel arbitration and stay or dismiss proceedings until the completion of the arbitration. *Glazer v. Lehman Bros.*, Inc., 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. §§ 3–4).

### III.   DISCUSSION

Plaintiff asks the Court to compel Defendant to arbitrate the matter and stay the case until arbitration is completed. (Doc. 29.) The Court must (1) determine whether the parties agreed to arbitrate and (2) determine the scope of that agreement.[2] *Stout*, 228 F.3d at 714. As the party moving to compel arbitration, Plaintiff must come forward with some evidence establishing the

---

[2] If federal statutory claims are asserted, the Court must also consider whether Congress intended those claims to be non-arbitrable. *Stout*, 228 F.3d at 714. The Court need not address this inquiry because Plaintiff only asserts state-law claims. *See id.*

existence of a valid agreement to arbitrate.  *See Glazer*, 394 F.3d at 451; *see also Foust v. Comcast Corp.*, No. 3:19-CV-173, 2020 WL 1891755, at *4 (E.D. Tenn. Jan. 28, 2020) (citations omitted).

In this case, the evidence supports the finding that the parties agreed to arbitrate the claim. On April 17, 2023, the State Farm adjuster handling Plaintiff's claim, Jayme Gallagher, confirmed in writing over email that State Farm agreed to arbitrate Plaintiff's uninsured and underinsured motorist claim if necessary. (Doc. 29-1 at 9.)  On February 5, 2024, State Farm's counsel further confirmed in writing that the parties "agreed to resolve the issues at hand in the context of arbitration." (Doc. 41-1 at 12.)  His email to opposing counsel laid out the agreed-upon arbitration procedure and stated, "You and I agreed that you would select an individual, that I would select an individual, and that those two individuals would agree upon an arbitrator to address the issues at hand." (*Id.*)  Therefore, by providing email correspondence between the parties, Plaintiff has met the prima facie burden that the parties consented to arbitrate the claim.  The Court further finds this claim falls within the scope of the agreement, as the parties agreed to arbitrate Plaintiff's uninsured and underinsured motorist claim if necessary. (Doc. 29-1 at 9.)

To avoid arbitration then, Defendant would be required to demonstrate that the validity of the agreement is "in issue" by showing there is a genuine issue of material fact as to the validity of the agreement. *Great Earth*, 288 F.3d at 889.  Here, however, Defendant has not responded to the motion to compel arbitration or provided evidence that a valid agreement to arbitrate fails to exist.  Because the agreement to arbitrate is not "in issue," the Court must compel arbitration. *See id.*  The Court is confident in the parties' ability to work cordially and efficiently moving forward.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's motion (Doc. 29) and **COMPELS** the parties to arbitrate.  The Clerk of Court is **DIRECTED** to **STAY** the case pending arbitration.

Defendant's motion to extend deadlines in this case (Doc. 42) is **DENIED AS MOOT**. The parties shall **FILE** a joint status report regarding the arbitration on or before **November 7, 2025**, and every six months thereafter until the case is dismissed or the Court orders otherwise.

    **SO ORDERED.**

    **ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**